UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

BENJAMIN M. WITHROW,

    Petitioner,

              Case No. 22-cv-723-pp

  v.

PETER J. JAEGER,[1]

    Respondent.

---

**ORDER SCREENING AND DISMISSING *HABEAS* PETITION (DKT. NO. 1),
DISMISSING CASE AND DECLINING TO ISSUE CERTIFICATE OF
APPEALABILITY**

---

On June 21, 2022, the petitioner, who currently is incarcerated at Prairie Du Chien Correctional Institution and representing himself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254, challenging his 2019 judgment of conviction for aggravated battery. Dkt. No. 1. He has paid the $5.00 filing fee. This order screens the petition under Rule 4 of the Rules Governing Section 2254 Cases. Because it plainly appears from the face of the petition that the petitioner is not entitled to relief, the court will dismiss the petition.

---

[1] Rule 2 of the Rules Governing Section 2254 cases requires the petitioner to "name as respondent the state officer who has custody." Although the petitioner was incarcerated at Oshkosh Correctional Institution when he filed this petition, dkt. no. 1 at 1, the Wisconsin Department of Corrections' inmate locater indicates that the petitioner presently is incarcerated at Prairie Du Chien Correctional Institution. See https://appsdoc.wi.gov/lop/details. Peter J. Jaeger is the warden of that institution. The court has updated the caption accordingly.

1

## I.     Background

The petition refers to State v. Withrow, Winnebago County Case No. 2017CF443. Dkt. No. 1 at 2. The court has reviewed the publicly available docket in that case (available at https://wscca.wicourts.gov/). It indicates that on July 21, 2017, the State filed a criminal complaint against the petitioner. Id. On November 8, 2018, the petitioner pled no contest to two counts of aggravated battery with an intent to cause great bodily harm. Id. The docket indicates that on February 1, 2019, the court sentenced the petitioner to seven years of initial confinement followed by extended supervision.[2] Id.

On June 15, 2020, the petitioner filed a motion for sentence credit under Wis. Stat. §973.155. Id. On August 7, 2020, the circuit court ordered that the petitioner was entitled to a 281-day sentence credit under that statute. Dkt. No. 1-2 at 1-2. On August 28, 2020, the circuit court denied the petitioner's motion for reconsideration. Id. at 3. On September 17, 2020, the circuit court denied the petitioner's motion asking for sentence credit of an additional 171 days and denied the petitioner's motion for reconsideration. Id.  at 4. On March 2, 2022, the court of appeals affirmed the circuit court's order. Id. at 5-8. On May 18, 2022, the Wisconsin Supreme Court denied the petition for review. Id. at 9.

---

[2] The docket does not provide the original extended supervision sentence. It indicates, however, that on or around November 15, 2019, the circuit court granted the petitioner's postconviction motion and amended the judgment of conviction to reflect five years of extended supervision. Withrow, Case No. 2017CF443.

## II.     Rule 4 Screening

### A.     Standard

Rule 4 of the Rules Governing §2254 proceedings provides:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order.

A court allows a *habeas* petition to proceed unless it is clear that the petitioner is not entitled to relief in the district court. At the screening stage, the court expresses no view as to the merits of any of the petitioner's claims. Rather, the court reviews the petition and exhibits to determine whether the petitioner alleges he is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). If the state court denied the petition on the merits, this court can grant the petition only if the petitioner is in custody as a result of: (1) "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court, or (2) "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. §2254(d).

The court also considers whether the petitioner filed within the limitations period, exhausted his state court remedies and avoided procedural default. Generally, a state prisoner must file his *habeas* petition within one year of the judgment becoming final. 28 U.S.C. §2254(d)(1)(A). In addition, the state prisoner must exhaust the remedies available in the state courts before

3

the district court may consider the merits of his federal petition. 28 U.S.C. §2254(b)(1)(A). If the district court discovers that the petitioner has included an unexhausted claim, the petitioner either must return to state court to exhaust the claim or amend his petition to present only exhausted claims. Rose v. Lundy, 455 U.S. 509, 510 (1982).

Finally, even if a petitioner has exhausted a claim, the district court may still be barred from considering the claim if the petitioner failed to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by the state's procedural laws. See O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999); Thomas v. McCaughtry, 201 F.3d 995, 1000 (7th Cir. 2000).

B.      The Petition

The petitioner raises a single ground for relief: that he is entitled to "an additional 170 days of sentence credit for days spent in custody in connection with the course of conduct for which sentence was imposed." Dkt. No. 1 at 6. The petitioner contends that he remained in custody from the day of his arrest (July 17, 2017) until the day the court sentenced him (February 1, 2019), excluding 112 days between January 4, 2018 and April 16, 2018, during which he served sentences for Outagamie County Case Nos. 16CM1164, 15CF692 and 15CF143. Id. at 6-7. He argues that the sentence he is serving for Winnebago County Case No. 2017CF443 is not consecutive to prior sentences for purposes of Wis. Stat. §973.155. Id. at 7.

"[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions;" federal courts are "limited to deciding

4

whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-78 (1991). "[F]ederal habeas corpus relief does not lie for errors of state law." Lewis v. Jeffers, 497 U.S. 764, 765 (1990). See also Weiss v. Bartow, No. 17-C-874, 2018 WL 2208318, at *3 (E.D. Wis. May 14, 2018) (noting that the petitioner's claim that he was owed sentence credit under Wis. Stat. §973.155 would be a claim arising from state law and that the petitioner "[was] not entitled to federal habeas relief for violations of state law.").

The petitioner has not alleged that the state-court judge violated federal law or violated his rights under the federal Constitution. He alleges only that the judge violated *Wisconsin* law—state law—by failing to credit him an additional 170 days under Wis. Stat. §973.155. This is not a claim that a federal court has authority to consider under §2254. The court must dismiss the petition.

### III.    Certificate of Appealability

Under Rule 11(a) of the Rules Governing Section 2254 Cases, the court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. §2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484

(2000) (internal quotations omitted). The court declines to issue a certificate of appealability because reasonable jurists could not debate that the petitioner is not entitled to *habeas* relief under 28 U.S.C. §2254.

## IV.    Conclusion

The court **DIRECTS** the Clerk of Court to update the docket to reflect that Peter J. Jaeger is the correct respondent.

The court **DISMISSES** the petition for writ of *habeas corpus* under 28 U.S.C. §2254. Dkt. No. 1.

The court **DECLINES TO ISSUE** a certificate of appealability.

The court **ORDERS** that the case is **DISMISSED**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 31st day of January, 2023.

BY THE COURT:

**HON. PAMELA PEPPER**
**Chief United States District Judge**

6